FILED - GR
August 11, 2025 10:36 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JJM   SCANNED BY: ___ /8/11

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

Octayvious Lewis,
*Occupant and Real Party in Interest,*
*55 Ottawa SW Apt 1017*
*Grand Rapids, MI 49503*
Plaintiff,

v.

Arena Place c/o DTN Management,
2502 Lake Lansing Rd., Suite C
Lansing, MI 48912

Counsel for Plaintiffs:
Erik Holt (P61679)
P.O Box 150379
Grand Rapids, MI 49515

Defendants.

**1:25-cv-918**
**Robert Jonker- U.S. District Judge**
**Phillip Green- U.S Magistrate**

Case No.: _____

61st District Court State Case No.: 25-LT-2179
Hon.: _____

NOTICE OF REMOVAL TO FEDERAL COURT
(28 U.S.C. §§ 1331, 1441, 1443)

**TO:** Clerk of the United States District Court for the Western District of Michigan
**AND TO:** Clerk of the 61st District Court, State of Michigan

## I. INTRODUCTION

1. Plaintiff/Defendant-in-State-Court, *Octayvious Lewis* ("Removing Party"), hereby removes to this Court the above-captioned state court action, Arena Place c/o DTN v. Lewis, State Case No. 25-LT-2179, currently pending in the 61st District Court, Grand Rapids, Michigan.

2. This removal is brought pursuant to 28 U.S.C. §§ 1331, 1441, and 1443 on the grounds that this matter arises under the Constitution, laws, and treaties of the United States, specifically involving federal housing regulations (24 C.F.R. §§ 966.4, 982.310, and 983.257), 42 U.S.C. § 1983 (due process violations), and the Fair Housing Act (42 U.S.C. §§ 3601–3619).

## II. TIMELINESS OF REMOVAL

3. The Removing Party first became aware of the state court action on August 9, 2025, upon returning to the premises and finding a Notice to Appear and Summons taped to the door.
4. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b) as it is filed within thirty (30) days of receipt of the initial pleading or summons.

## III. GROUNDS FOR FEDERAL JURISDICTION

5. This action is based on a federal question (28 U.S.C. § 1331) because it concerns violations of federal housing regulations, constitutional due process, and statutory civil rights.
6. Jurisdiction also lies under 28 U.S.C. § 1343 as this case seeks to redress the deprivation of rights secured by the Constitution and federal statutes.
7. The Defendants' eviction action is based on an alleged unpaid utility charge of $254.00, which is currently the subject of an open dispute and correction with Consumers Energy:
   - *Consumers Energy Case No.* 0023383102
   - *Confirmation No.* 4332210385 (Reinstatement of Correct Account Holder)
8. Exhibits A and B (attached) establish that the charge stems from an erroneous third-party utility account activation in July 2025, which Consumers Energy has acknowledged and is actively correcting.

## IV. FACTUAL BACKGROUND

9. Removing Party has lawfully occupied the penthouse unit at Arena Place Apartments since 2019.
10. Rent for June and July 2025 was paid in full, totaling $5,170.66 (including credit card processing fees).
11. In July 2025, a third party erroneously initiated utility service for the unit with Consumers Energy, resulting in the Defendants' system defaulting electric service back to the property's "owner application" settings.
12. Upon termination of that erroneous account, Arena Place billed Removing Party for "electric recovery fees" of $253.92 despite Consumers Energy confirming the charge is erroneous and under correction.
13. Defendants also disabled the tenant payment portal and assessed court fees without any lawful judgment or due process, impeding the Removing Party's ability to tender payment.
14. The eviction proceeding is therefore retaliatory, factually unfounded, and preempted by federal law.

## V. FEDERAL CLAIMS PRESENTED

- Count I – Denial of Due Process (42 U.S.C. § 1983)
- Count II – Violation of Fair Housing Act (42 U.S.C. §§ 3601 et seq.)
- Count III – Retaliation and Deprivation of Quiet Enjoyment
- Count IV – Declaratory & Injunctive Relief

## VI. RELIEF REQUESTED

WHEREFORE, Removing Party respectfully requests that this Court:

1. Assume full jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1441, and 1443;
2. Stay all state court proceedings in Case No. 25-LT-2179;
3. Issue immediate injunctive relief preventing eviction, late fees, or further adverse housing actions during the pendency of this case;
4. Declare that the disputed $253.92 utility charge is unenforceable pending resolution;

Dated: August 11, 2025
Respectfully submitted,
/s/ Octayvious Lewis
Occupant and Real Party in Interest
55 Ottawa Sw Apt. 107
Grand Rapids, MI 49503
mrromeolewis@protonmail.com

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice of Removal, along with attached Exhibits A & B, was served on August 11, 2025, via certified mail and email to:

Clerk of the 61st District Court
180 Ottawa Ave NW, Suite 3500
Grand Rapids, MI 49503

Arena Place c/o DTN Management
2502 Lake Lansing Rd., Suite C
Lansing, MI 48912

Counsel for Plaintiffs:
Erik Holt (P61679)
P.O Box 150379
Grand Rapids, MI 49515

Exhibit Index

Exhibit A & Exhibit B